JOHN LANGFORD, Appellant, *v.* JOSEPH T. CALDWELL, Respondent.

1. *Contract to convey land — Suit to recover purchase money — Parol contrac. cannot be substituted for written one.*—In consideration of a certain payment, one made his written agreement to convey a tract of land on receipt of a deed therefor from the State. Failing to receive it, the least he could do was to pay back the purchase money.

The contract indicated an expectation of receiving such a deed in a reasonable time; and in suit to recover back the money it would not be admissible for defendant to show that the purchaser never expected a deed, but only desired possession of the land to enable him to carry away a quantity of timber. This would be, in effect, substituting another and a different contract by parol in the place of the written one.

### *Appeal from Clark Circuit Court.*

*Polk, Causey & Drake,* and *H. S. Lipscomb,* with *Givens,* for appellant, cited 1 Greenl. Ev., ch. 15, §§ 275–7; Weston v. James, 1 Taunt. 115 ; Greenl. Ev., § 281 ; Leslie v. De la Torre, cited 12 East, 583 ; Barrett v. U. M. Fire Ins. Co., 7 Cush. 175, 180 ; Lee v. Howard & Co., 3 Gray, 583 ; Singleton v. Fore, 7 Mo. 575; Woodward v. McGaugh, 8 Mo. 161 : Murdock v. Ganahl, 47 Mo. 135.)

*Redd,* for respondent.

I. There can be no breach of defendant's contract until the State has first made a deed to him.

II. Defendant concedes that parol evidence is not admissible to vary or contradict the written contract; but defendant submits that it is admissible to show the existence of another and a further consideration not inconsistent with the one mentioned in the writing, as in this case. (1 Greenl. Ev., §§ 285, 287.)

BLISS, Judge, delivered the opinion of the court.

The defendant entered into a written agreement, for the consideration of $260 in hand paid by one Schnebly, to sell him certain real estate, the agreement concluding thus : " for which I bind myself and assigns and administrators to make a good and sufficient deed as soon as I receive my deed from the State of

Missouri." Schnebly assigns the contract to the plaintiff, and the defendant being unable to obtain title from the State, this suit is brought to recover back the consideration.

At the trial the defendant was permitted to offer evidence to show that the purchaser never expected a deed for the land, but only desired the possession to enable him to take the timber for his saw-mill. Upon this evidence the defendant receiving judgment, the plaintiff appeals.

This is an unusual way of selling timber, and especially upon land not belonging to the seller. Though such possibly might have been the intent, yet the contract was to sell the land, and it would outrage every principle of law to permit another and different contract to be submitted by parol.

The contract obligated the seller to convey when he received his deed from the State of Missouri; which indicated an expectation of receiving such deed within a reasonable time. Not receiving it, the least he can do is to pay back the purchase money, for which, with interest, judgment will be rendered. The other judges concur.